Andrew Muscato
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Andrew.Muscato@skadden.com

Steven C. Sunshine (*pro hac vice* application to be filed)
Julia K. York (*pro hac vice* application to be filed)
Joseph Ciani-Dausch (*pro hac vice* application to be filed)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-0560
Steve.Sunshine@skadden.com
Julia.York@skadden.com
Joseph.Ciani-Dausch@skadden.com

*Attorneys for Valeant Pharmaceuticals International, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRU-FORM OPTICS, INC., on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>- vs. -<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL INC., a British Columbia Corporation,<br><br>Defendant. | Hon. Michael A. Shipp, U.S.D.J<br><br>Civil No. 3:15-cv-08824-MAS-DEA<br><br>**ANSWER AND DEFENSES OF VALEANT PHARMACEUTICALS INTERNATIONAL INC.** |

Defendant Valeant Pharmaceuticals International, Inc. ("Valeant") through its undersigned counsel, by way of Answer to the putative Class Action Complaint of Plaintiff Tru-Form Optics, Inc. ("Tru-Form" or "Plaintiff") dated December 22, 2015 (ECF No. 1; "Complaint"), says:

Valeant generally denies each and every allegation that it does not expressly admit. Valeant also specifically denies some allegations without affecting its general denial of other allegations. With respect to the headings and subheadings contained throughout the body of the Complaint, Valeant states that such headings are improper under Fed. R. Civ. P. 10(b), which requires that factual allegations of a complaint be pleaded in numbered paragraphs each alleging a single set of circumstances, and, for this reason, no response thereto is required. To the extent the headings and subheadings appearing throughout the body of the Complaint may be deemed to contain any factual allegations, they are denied. In addition to the above general answers, Valeant now provides the following answers to the specific allegations set forth in each numbered paragraph of the Amended Complaint.

1. Valeant denies the allegations in Paragraph 1 of the Complaint.

2. Valeant denies the allegations in Paragraph 2 of the Complaint.

3. Valeant states that Paragraph 3 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 3 of the Complaint, except to admit that Bausch & Lomb manufactured OrthoK buttons.

4. Valeant states that Paragraph 4 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 4 of the Complaint.

5. Valeant states that Paragraph 5 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 5 of the Complaint.

6. Valeant states that Paragraph 6 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 6 of the Complaint.

7. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Valeant admits that it is a British Columbia corporation, that its international headquarters are in Laval, Quebec, and that its U.S. headquarters are located in Bridgewater, New Jersey. Valeant also admits that it is a specialty pharmaceutical and medical device company. To the extent the remaining allegations in Paragraph 8 of the Complaint purport to characterize or describe external documents, Valeant states that those documents speak for themselves and no further response is required. To the extent the remaining allegations in Paragraph 8 of the Complaint do not accurately reflect those documents, Valeant denies those allegations. Valeant also states that Paragraph 8 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Valeant states that Paragraph 9 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 9 of the Complaint.

10. Valeant states that Paragraph 10 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 10 of the Complaint.

1. [RELEVANT MARKET[1]] Valeant admits the allegations in the first two sentences and denies the remaining allegations in Paragraph 1 of the Complaint.

2. Valeant admits the allegations in Paragraph 2 of the Complaint.

3. Valeant denies the allegations in Paragraph 3 of the Complaint.

4. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7. Valeant states that Paragraph 7 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 7 of the Complaint, except to admit that Paragon and Bausch & Lomb manufacture OrthoK buttons.

8. Valeant states that the first sentence of Paragraph 8 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in the first sentence of Paragraph 8 of the Complaint. Valeant denies the remaining allegations in Paragraph 8 of the Complaint, except to admit that

---

[1] The Complaint's paragraph numbering restarts with Paragraph 1 after the heading entitled "Relevant Market" and paragraph numbers 1 through 10 are therefore repeated. For consistency, this Answer tracks the paragraph numbering in the Complaint.

Paragon manufactures Paragon CRT® Contact Lenses. To the extent the allegations in footnote 4 of the Complaint purport to characterize or describe external documents, Valeant states that those documents speak for themselves and no further response is required. To the extent the allegations in footnote 4 of the Complaint do not accurately reflect those documents, Valeant denies those allegations. Valeant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in footnote 4 of the Complaint and therefore denies them. Valeant denies the allegations in footnote 5 of the Complaint.

9. Valeant denies the allegations in Paragraph 9 of the Complaint.

10. Valeant states that Paragraph 10 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 10 of the Complaint.

11. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies them, except that to the extent the allegations in this Paragraph purport to characterize or describe external documents, Valeant states that those documents speak for themselves and no further response is required. To the extent the allegations in this Paragraph do not accurately reflect those documents, Valeant denies those allegations. Valeant also states that Paragraph 11 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required to those allegations, Valeant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Valeant states that Paragraph 12 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required to those

allegations, Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them, except that to the extent the allegations in this Paragraph, including footnote 7, purport to characterize or describe external documents, Valeant states that those documents speak for themselves and no further response is required. To the extent the allegations in this Paragraph, including footnote 7, do not accurately reflect those documents, Valeant denies those allegations. Valeant also states that Paragraph 13 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required to those allegations, Valeant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them. Valeant also states that Paragraph 14 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required to those allegations, Valeant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Valeant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint and therefore denies them. Valeant also states that Paragraph 15 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required to those allegations, Valeant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them, except that

to the extent the allegations in this Paragraph, including footnote 8, purport to characterize or describe external documents, Valeant states that those documents speak for themselves and no further response is required. To the extent the allegations in this Paragraph do not accurately reflect those documents, Valeant denies those allegations.

17. To the extent the allegations in the first sentence of Paragraph 17 of the Complaint purport to characterize or describe external documents, Valeant states that those documents speak for themselves and no further response is required. To the extent the allegations in this Paragraph do not accurately reflect those documents, Valeant denies those allegations. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 17 and therefore denies them. Valeant states that the third sentence of Paragraph 17 contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in the third sentence of Paragraph 17 of the Complaint.

18. Valeant denies the allegations in Paragraph 18 of the Complaint.

19. Valeant denies the allegations in Paragraph 19 of the Complaint.

20. Valeant denies the allegations in Paragraph 20 of the Complaint. Valeant also states that footnote 9 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in footnote 9 of the Complaint.

21. Valeant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies them.

22. Valeant states that Paragraph 22 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant

denies the allegations in Paragraph 22 of the Complaint. Valeant also states that footnote 10 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in footnote 10 of the Complaint.

23. Valeant states that Paragraph 23 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 23 of the Complaint.

24. Valeant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning usage of specialized cases purchased by finished labs and therefore denies them; Valeant states that the remainder of Paragraph 24 of the Complaint, including footnote 11, contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Valeant denies the allegations in the first sentence of Paragraph 25 of the Complaint. Valeant states that the second sentence of Paragraph 25 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 25 of the Complaint.

26. Valeant denies the allegations in Paragraph 26 of the Complaint, except to admit that Valeant's October 26, 2015 Quarterly Report on Form 10-Q states that "the Company" (defined as Valeant and its subsidiaries) "received a voluntary request letter from the FTC with respect to its non-public investigation into our recent acquisition of Paragon Holdings I, Inc." To the extent the allegations in this Paragraph purport to characterize or describe external documents, Valeant states that those documents speak for themselves and no further response is

required. To the extent the allegations in this Paragraph do not accurately reflect those documents, Valeant denies those allegations.

27. Valeant denies the allegations in Paragraph 27 of the Complaint.

28. Valeant denies the allegations in Paragraph 28 of the Complaint.

29. Valeant denies the allegations in Paragraph 29 of the Complaint.

30. Valeant admits that Tru-Form purports to bring this suit as a class action, but denies that class certification is appropriate or that the alleged class as stated in Paragraph 30 and its subparts is proper and/or properly defined.

31. Valeant states that the first sentence of Paragraph 31 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in the first sentence of Paragraph 31 of the Complaint. Valeant denies the remaining allegations of Paragraph 31 of the Complaint.

32. Valeant states that Paragraph 32 of the Complaint and its subparts contain legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 32 of the Complaint.

33. Valeant states that Paragraph 33 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 33 of the Complaint.

34. Valeant states that Paragraph 34 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 34 of the Complaint.

35. Valeant states that Paragraph 35 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 35 of the Complaint.

36. Valeant states that Paragraph 36 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 36 of the Complaint.

## FIRST CAUSE OF ACTION

37. Valeant repeats and incorporates its foregoing answers to the allegations of the Complaint as if fully set forth herein.

38. Valeant denies the allegations in Paragraph 38 of the Complaint.

39. Valeant denies the allegations in Paragraph 39 of the Complaint.

40. Valeant denies the allegations in Paragraph 40 of the Complaint.

41. Valeant denies the allegations in Paragraph 41 of the Complaint.

42. Valeant denies the allegations in Paragraph 42 of the Complaint.

43. Valeant denies the allegations in Paragraph 43 of the Complaint.

44. Valeant denies the allegations in Paragraph 44 of the Complaint.

45. Valeant denies the allegations in Paragraph 45 of the Complaint.

46. Valeant denies the allegations in Paragraph 46 of the Complaint, and denies that Tru-Form and any purported class are entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION

47. Valeant repeats and incorporates its foregoing answers to the allegations of the Complaint as if fully set forth herein.

48. Valeant denies the allegations in Paragraph 48 of the Complaint.

49. Valeant states that Paragraph 49 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response may be required, Valeant denies the allegations in Paragraph 49 of the Complaint.

50. Valeant denies the allegations in Paragraph 50 of the Complaint.

51. Valeant denies the allegations in Paragraph 51 of the Complaint.

52. Valeant denies the allegations in Paragraph 52 of the Complaint.

53. Valeant denies the allegations in Paragraph 53 of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would otherwise not bear under applicable law, Valeant asserts the following affirmative defenses to each and every cause of action alleged in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Tru-Form's claims are barred because, at all times, Valeant has acted in good faith in furtherance of its legitimate business interests and has caused no injury to competition, the public, or to Plaintiff or to any members of a purported class.

### THIRD AFFIRMATIVE DEFENSE

Tru-Form's claims are barred because Valeant does not maintain monopoly power in any properly defined relevant market.

### FOURTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred because Tru-Form lacks standing to assert them.

## FIFTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred, in whole or in part, because there has been no injury to competition of the type that the statutes alleged were designed to protect.

## SIXTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred, in whole or in part, because its alleged damages were neither caused in fact by Valeant, nor proximately caused by any action or conduct of Valeant.

## SEVENTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred because Tru-Form did not suffer injury or damages by reason of any act or omission by Valeant.

## EIGHTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred, in whole or in part, because its alleged injury and the alleged injury to competition, if any, is too speculative and uncertain.

## NINTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred, in whole or in part, because Valeant's alleged conduct was reasonable and procompetitive and based on independent, legitimate business reasons and economic justifications.

## TENTH AFFIRMATIVE DEFENSE

To the extent there is a finding that Valeant engaged in improper conduct and higher prices resulted from that conduct, Tru-Form's claims are barred, in whole or in part, to the extent that any higher prices were passed on, in whole or in part, to parties not included in the putative class.

## ELEVENTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

## TWELFTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred, in whole or in part, because there have been no putative class-wide damages as alleged by Tru-Form.

## THIRTEENTH AFFIRMATIVE DEFENSE

Tru-Form is barred from recovery of any damages because of and to the extent of its failure to mitigate any such damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred, in whole or in part, because Tru-Form would be unjustly enriched if allowed to recover all or any part of the damages alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Tru-Form's claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Tru-Form or any putative class member is not in fact a direct purchaser, their claims are barred, in whole or in part, by the indirect purchaser doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Tru-Form is not entitled to injunctive relief because no irreparable harm or injury has been sustained or is threatened.

## ADDITIONAL DEFENSES

Valeant reserves the right to amend this Answer to add, delete, or modify defenses based on legal theories that may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of Tru-Form's position in this litigation.

WHEREFORE, Valeant demands judgment (i) dismissing the Complaint with prejudice; (ii) awarding it costs of suit; and (iii) granting it such further relief as the Court deems just and proper.

Date: April 25, 2016

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
*Attorneys for Valeant Pharmaceuticals International, Inc.*

By:   *s/ Andrew Muscato*
       Andrew Muscato

Of Counsel:
Steven C. Sunshine
Julia K. York
Joseph Ciani-Dausch
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-0560

## **LOCAL RULE 11.2 CERTIFICATION**

We hereby certify that the matters in controversy in the above-captioned action are not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date:  April 25, 2016

                                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
*Attorneys for Valeant Pharmaceuticals International, Inc.*

By:  *s/ Andrew Muscato*
      Andrew Muscato